IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERILYN K. WALLIS,

                Plaintiff,

v.

NATIONAL RURAL UTILITIES
COOPERATIVE FINANCE
CORPORATION,

                Defendant.

OPINION and ORDER

21-cv-693-jdp

---

Plaintiff Terilyn K. Wallis was a regional vice president for defendant National Rural Utilities Cooperative Finance Corporation (CFC) until she was terminated. Wallis contends that CFC discriminated and retaliated against her on the basis of sex in violation of Title VII of the Civil Rights Act. Wallis lives in Dresser, Wisconsin, so she filed suit here in the Western District of Wisconsin.

CFC is based in Dulles, Virginia, and it moves to transfer the case to the United States District Court for the Eastern District of Virginia. Dkt. 9. Venue would be proper in either Wisconsin or Virginia. But it makes more sense to litigate this case in Virginia, where the key events at issue in this lawsuit occurred, and where most of the witnesses and other evidence are located. Wallis's understandable preference for this district does not outweigh the factors, which clearly favor transfer to Virginia.

BACKGROUND

CFC is a non-profit financing corporation with headquarters located in Dulles, Virginia. Wallis worked for CFC as a regional vice president from 2012 to 2018. Her job responsibilities

included improving CFC member relations, growing CFC's loan portfolio, and representing CFC at industry and membership meetings. She was assigned to a geographic region that included North Dakota, South Dakota, and northern Minnesota. Wallis lives in Dresser, Wisconsin. But her job required her to travel out of state 80 percent of the time. When Wallis was not traveling, she worked from her home.

CFC contends that it conducted internal audits of employees' travel expense reports in 2017 and detected irregularities in Wallis's reports. CFC then hired a third-party fraud examiner and public accountant to independently review Wallis's expense reports. The independent audit concluded that Wallis's had submitted fraudulent travel expense reports. CFC executives decided to terminate Wallis from her position. CFC terminated Wallis on January 18, 2018, while Wallis was attending a company training meeting at CFC headquarters.

## ANALYSIS

The federal change of venue statute, 28 U.S.C. § 1404(a), provides that a district court may transfer a civil action to another district court where the case could have been brought if transfer suits the convenience of the parties and witnesses and serves interest of justice. Both the Western District of Wisconsin and the Eastern District of Virginia would be proper venues. Section 1404(a) permits a "flexible and individualized analysis" that is not confined by a narrow or required set of considerations. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The burden is on CFC to show, by reference to specific circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

**A. Convenience to the parties and witnesses**

In assessing the relative convenience of two venues, the court looks at each party's access to and distance from each forum, the location of material events, the availability and access to witnesses, and relative ease of access to sources of proof. *Research Automation,* 626 F.3d at 978. The general rule is that a plaintiff's choice to file in her home forum is entitled to deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). But that deference is reduced when the material events did not occur in the plaintiff's chosen forum. *R.T.B. by & through Breault v. United States,* No. 19-cv-276-jdp, 2019 WL 6492826, at *1 (W.D. Wis. Dec. 3, 2019) (collecting cases).

As for the convenience of the parties, both potential districts are the parties' home forums, so it's inevitable that one party will have to litigate away from home. Simply shifting the inconvenience and financial burden to one side or the other is not a sufficient basis for transfer. *Research Automation, Inc.,* 626 F.3d at 978–79; *R.J. O'Brien & Assocs., Inc., v. Newport Futures & Options Corp.*, No. 92 C 6382, 1993 WL 14685, at *7 (N.D. Ill. Jan. 22, 1993). But neither party makes a persuasive case supported with specific facts that it would be especially difficult to litigate in the other forum. As with most federal civil litigation, much of the work of this case will be done by the parties outside the courtroom.

Wallis contends that her choice of forum is entitled to great deference because Congress intended to give Title VII plaintiffs their choice of forum, both to reduce the burden on plaintiffs and to allow local juries to decide the lawfulness of the employer's employment practices. Dkt. 15, at 3. But the main authorities she relies on, chiefly *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954 (M.D. Tenn. 2008), are district court cases outside the Seventh Circuit. The court in *Smith* concluded that forum-selection clauses are pre-empted by Title VII, and it

3

accorded the Title VII plaintiff's choice of forum nearly insurmountable deference. The court is not aware of any Circuit Court of Appeals that has adopted this perspective, and it cannot be squared with *Coffey*, which provides the framework for evaluating motions to transfer venue in the Seventh Circuit. The court concludes here that Wallis's choice of forum, like any plaintiff's, is entitled to some deference, but that deference is already reflected in the *Coffey* standard, which puts the burden on CFC to show that the Eastern District of Virginia is clearly more convenient. As for the specific circumstances of this case, the convenience of the parties does not tip strongly one way or the other.

But other convenience considerations favor of transfer. CFC contends that the material events took place at its headquarters in Virginia. Specifically, Wallis's managers were based there, the executives involved in her termination worked there, Wallis's travel expense reports were processed, internally reviewed, and independently audited there, and Wallis was terminated there. On the other hand, Wallis was based in Wisconsin while employed at CFC, and CFC treated her as a Wisconsin employee for tax and payroll purposes. But Wallis spent 80 percent of work time traveling out of state, and only 20 percent of her time working from her Wisconsin home. The material events of the case occurred mostly out of Wisconsin, and the most material events occurred at CFC headquarters in Virginia.

The convenience of witnesses and sources of proof also support transfer. CFC says that five of its seven witnesses, including three non-employee witnesses, live in or near Virginia. The non-employee witnesses would only be amenable to subpoena in the Eastern District of Virginia, but not the Western District of Wisconsin. The location of witnesses, especially non-party witnesses, is often a significant factor in the transfer analysis. *Wis. Alumni Research Found. v. Medimmune, LLC*, No. 14-cv-165-jdp, 2014 WL 6389583, at *2 (W.D. Wis. Nov. 14, 2014);

*R.T.B. by and through Breault*, 2019 WL 6492826, at *2–3 (three of six non-party witnesses residing in the proposed transfer district and under its subpoena power weighs in favor of transferring). According to CFC, it maintains nearly all of its employment records in Virginia. By contrast, Wallis does not contend that she plans to rely on any Wisconsin-based witnesses or sources of proof.

In sum, the court affords some consideration to Wallis's choice of forum, given her status as an individual litigant. But Wallis's claims are much more deeply connected to Virginia than to Wisconsin, and it would be more significantly more convenient to litigate the case in Virginia because that is where most of the witnesses and evidence are located.

## B. Interests of Justice

The interests of justice analysis concerns the efficient administration of the court system. *Coffey*, 796 F.2d at 221. The factors the court considers are each court's familiarity with the relevant law, the relationship of each community to the dispute, each court's relative speed and docket congestion, and the desirability of resolving the dispute in one district over the other. *Id.* "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Research Automation,* 626 F.3d at 978. Here, the interests of justice also favor transfer, though not so strongly as to override the convenience factors if those had pointed the other way.

Both courts would be equally familiar with federal statutes such as Title VII. The Wisconsin and Virginia communities both have some connections to this case. Wallis lives in Wisconsin, but she worked from Wisconsin only a fraction of the time. The rationale of *Smith*, that local juries should decide local employment cases, does not favor Wallis because she

worked almost entirely outside of Wisconsin. But CFC is based in Virginia, and thus Virginia's interests in the dispute are clearly stronger than Wisconsin's.

CFC submitted statistics showing that the Eastern District of Virginia has a lower caseload per judge and somewhat faster time to case resolution, so relative court congestion favors transfer. Transfer would not disrupt the progress of the litigation, because the case has not progressed very far. There are no other pending motions in the case, and the court has not yet held a scheduling conference.

Both the interests of justice and the convenience factors favor transfer.

ORDER

IT IS ORDERED that defendant National Rural Utilities Cooperative Finance Corporation's motion to transfer, Dkt. 9, is GRANTED. This case is transferred to the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1404(a).

Entered July 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge